UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No.: No. 04-CR-10391-NMG |
| | ) |
| vs. | ) |
| | ) |
| ROBERT WYATT | ) |
| | ) |
| Defendant | ) |
| | ) |

**DEFENDANT'S PROPOSED QUESTIONS ON *VOIR DIRE*__**

Defendant Robert Wyatt requests, pursuant to Fed. R. Crim. P. 24, that this Honorable Court pose those questions appearing within Sections A through I, below, to the jury *venire* in open court.[1]  Defendant further requests that, given the sensitive nature of the questions so framed, the Court (and where appropriate, counsel) conduct any follow-up questioning of any prospective juror, individually at side bar.

**A. TRIAL SCHEDULE**

1.   Trial of this matter is expected to take approximately six to eight trial days, possibly more.

2.   Do you have a vacation planned between now and the expected end of this trial? If so, when is your vacation planned for?  Does it involve days on which court is expected to be in session?  Have you already paid for travel or lodging in connection with the vacation?  Are

---

[1] In addition to the proposed *voir dire* questions, at the November 4, 2005 pretrial conference held in this matter, the Court asked that a proposed verdict form be filed today.  However, the undersigned respectfully suggest that defendant will not be in a position to submit a verdict form until (1) counsel has received the *Jencks* material from the government, and (2) the Court has ruled on defendant's motion *in limine*, dated February 27, 2006.

your vacation plans flexible?  Would your vacation plans make it difficult for you to devote whatever time and attention is required to fairly and fully judge the evidence in this case?

    **B.  THE INDICTMENT**

This is a criminal case. The government is a party to this case.  The defendant, Robert Wyatt, seated here, is a resident of Cambridge, Massachusetts.  The Indictment in this case charges Mr. Wyatt with arson, as well as carrying a destructive device, known as a "Molotov cocktail," during and in relation to the arson, or possessing a Molotov cocktail in furtherance of the arson.  Mr. Wyatt has pleaded "not guilty" to these two charges.

An Indictment is simply a formal way for the United States government to bring these allegations before the Court.  Neither the Indictment, nor the individual charges are to be considered by you as evidence of anything.

    1.    Are you now aware of any opinion, belief or attitude that you have regarding the guilt or innocence of Mr. Wyatt based on the mere fact that he is named as a defendant in this Indictment?

    2.    Do you believe or feel that, since he has been charged, Mr. Wyatt must now come forward and prove to you that he is not guilty because he is named in this Indictment?

    3.    Now that you have had the charges described to you, have you formed an opinion as to the type of evidence you will require to reach a verdict?

    4.    Under our Constitution, Mr. Wyatt is presumed innocent as he sits before you here today.  This means that if I were to ask you right now to render a verdict, your verdict would have to be "not guilty."  Do you believe right now that if Mr. Wyatt had done nothing wrong he could nonetheless be sitting here as a defendant?

5. Do you have any problem or do you sense any difficulty with presuming Mr. Wyatt innocent at this very moment?

6. Do you believe that you will be able to apply the presumption of innocence <u>throughout</u> this trial?

7. The members of the Jury are the sole judges of the facts in this case. The burden of proof in any criminal case rests solely, and exclusively upon the government.  To convict, the government must prove -- beyond a reasonable doubt - each element of each of the offenses charged.  The defense, on the other hand, need not do a thing; although he *may* do so, Mr. Wyatt need <u>not</u> cross-examine the government's witnesses, he need not call witnesses of his own, need not come forward with other evidence or even make argument to you - - but the government must convince you of Mr. Wyatt's guilt beyond a reasonable doubt or you must acquit.  If the defense were not to present any witnesses of its own, but were to rely solely on the cross-examination of government witnesses, would that affect how you would view the case and how you would deliberate?

8. If Mr. Wyatt were to testify, would you weigh his testimony the same way you would weigh the testimony of any other witness?

**C.** **THE PARTIES AND COUNSEL**

1. Assistant United States Attorney Robert Richardson represents the government.

2. Do you know him?

3. Have you had any business dealings with him or his office?

4. Counsel for Mr. Wyatt are Paul Kelly and Douglas Brooks of the Boston law firm of Kelly, Libby & Hoopes.

5. Do you know either of them?

6.  Have you had any business dealings with either Mr. Kelly or Mr. Brooks, or their firm?

7.  Again, the defendant is Robert Wyatt of Cambridge, MA.

8.  Do any of you know Mr. Wyatt?

**D.  WITNESS LIST**

The following are expected to appear as witnesses in this matter. When I finish calling off the list of names of expected witnesses, please raise your hand if you believe that you are familiar with any of them. [*Read Government and Defense Witness lists to venire*].

**E.  CONNECTION WITH LAW ENFORCEMENT**

1.  Have you or has anyone in your immediate family worked for a law enforcement agency, state or federal?

2.  (If "yes,") For what agency did either you or your family member work?

3.  When was this?

4.  Would their (or your) employment by this agency cause you to believe the testimony of a law enforcement agent more so than that of a civilian witness?

5.  If the testimony of law enforcement personnel conflicts with the testimony of civilian witnesses in this case, would you be inclined to give more weight to the law enforcement official's testimony? Would you believe for any reason that a law enforcement officer's testimony would be, in general, more believable than the testimony of a civilian witness?

6.  Even if you have no connection with a law enforcement agency, would the fact that a law enforcement agent testifies cause you to believe that agent's testimony more so than if a civilian were to present similar testimony?

F.  **CONNECTION WITH FIRE DEPARTMENTS**

    1.  Have you or has anyone in your immediate family worked for a fire department?

    2.  (If "yes,") For what fire department did either you or your family member work?

    3.  When was this?

    4.  Would their (or your) employment by this department cause you to believe the testimony of a firefighter more so than that of a civilian witness?

    5.  If the testimony of a firefighter conflicts with the testimony of civilian witnesses in this case, would you be inclined to give more weight to the testimony of the firefighter? Would you believe for any reason that a firefighter's testimony would be, in general, more believable than the testimony of a civilian witness?

    6.  Even if you have no connection with a fire department, would the fact that a firefighter testifies cause you to believe that firefighter's testimony more so than if a civilian were to present similar testimony?

G.  **CONTACT WITH THE CRIMINAL JUSTICE SYSTEM**

    1.  Have you or any member of your immediate family been the victim of any criminal conduct?

    2.  (If yes) Would this experience prevent you from serving as a fair and impartial juror in this case?

H.  **VICTIMS OF FIRE**

    1.  Have you or any member of your immediate family been the victim of a fire?

    2.  (If yes) In light of the nature of the charges I have explained to you, would this experience prevent you from serving as a fair and impartial juror in this case?

**I.    BIAS OR PREJUDICE**

1. Do you think you would be able to hold the government to its burden of proving each of the offenses charged beyond a reasonable doubt?

2. Have you seen, heard or read anything about this case, or Robert Wyatt, in the media?

3. With respect to the charges in this case, as I have generally described them for you, does any member of the jury venire have any strong feeling, one way or the other, about the nature of the charges, generally?

4. Is there any other reason you might not be able to serve as a fair and impartial juror in this case?

Respectfully Submitted,

Robert Wyatt

By his attorneys,

/s/ Douglas S. Brooks_____
Paul V. Kelly (BBO No. 267010)
Douglas S. Brooks (BBO No. 636697)
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, MA 02110
(617) 338-9300

Dated: March 6, 2006

## CERTIFICATE OF SERVICE

     I, Douglas S. Brooks, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 6th day of March, 2006.

                                /s/ Douglas S. Brooks
                                Douglas S. Brooks