UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> vs. </br></br> ROBERT WYATT </br></br> Defendant | ) Case No.: No. 04-CR-10391-NMG </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ROBERT WYATT'S FURTHER MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE**

Defendant Robert Wyatt submits this memorandum in support of his further motion *in limine* to exclude certain evidence, by way of both exhibits and/or testimony, that he believes the government may try to introduce at trial.

**I.     FACTUAL BACKGROUND**

A series of surveillance cameras run continuously and record images at various locations throughout 808 Memorial Drive in Cambridge. Coverage depicted on these tapes is recorded over every thirty days as a matter of routine.[1] When this occurs, all coverage previously depicted on the video is destroyed, and there is no back-up tape. These cameras were operating on November 14, 2004 and the preceding days.

After the fire at 264 Putnam Street, investigators searched and preserved certain pieces of the surveillance video from 808 Memorial Drive. At the time the investigators conducted this search and preservation, Wyatt was already a suspect. As a result, investigators conducted a Wyatt-specific search and preservation, requesting and preserving only the surveillance video depicting Wyatt (and an unknown individual they

---

[1] The undersigned learned of this after the filing of its first motion in limine on February 27, 2006.

believed might be Wyatt) during the early morning hours of November 14, 2004. At the time investigators conducted this search and preservation, they knew that all other surveillance video from November 14, 2004 and the preceding day would be destroyed after thirty days from its having been recorded (twenty-one days from the time of this search and preservation).

The government seeks to introduce certain limited segments extracted from the surveillance video at 808 Memorial Drive. Each segment purports to show Wyatt and an unknown individual either exiting or entering 808 Memorial Drive on November 14, 2004. The government also seeks to elicit lay opinion testimony as to the contents of a plastic bag depicted in one of these surveillance video segments.

## II. ARGUMENT

For the reasons set forth below, the defendant seeks to exclude any reference to the following categories of evidence (both testimony and exhibits):

### A. The Court Should Exclude the Surveillance Video From 808 Memorial Drive Under Federal Rules of Evidence 106 and 403.

The doctrine of completeness precludes the government from introducing only select portions of surveillance video from 808 Memorial Drive in the early morning hours of November 14, 2002. The doctrine, as codified by Federal Rule of Evidence 106, provides that "a party wishing to introduce only a portion of a recorded statement may be precluded from doing so where partial disclosure out of context would result in unfairness to the other party." *United States v. Millan*, 230 F.3d 431, 434 (1st Cir. 2000). Requiring that evidence be admitted in its entirety guards against the danger of misunderstandings or distortions flowing from the piecemeal admission of only selected portions of a piece of evidence. *Id,* citing *United States v. Awon*, 135 F.3d 96, 101 (1st

Cir. 1998). The Court may exercise great discretion in excluding evidence pursuant to Rule 106. *Id.* at 434-35.

In this case, the government's limited Wyatt-specific search and preservation that it seeks to show the jury creates an incomplete picture of events; the selected video segments cover just a small portion of the time period critical to this case. Since the government failed to preserve any other surveillance video, the defense and the jury will not have an opportunity to examine other individuals exiting and entering 808 Memorial Drive on November 14, 2004 and the preceding day. Recently, in excluding segments of surveillance video depicting the defendant's search by U.S. Customs officials under Rule 106, the Northern District of New York stated:

> There is a reason that surveillance is now conducted with video recordings and not still photography-the video recordings provide a more complete picture of events, a continuous stream of information, with less risk of scenes being taken out of context. That benefit is curtailed in this case due to Custom's failure to preserve the entire video. *United States v. Yevakpor*, 2006 WL 593253, * 4 (N.D.N.Y. 2006).

Here too, the introduction of just segments of a small portion of the surveillance video coverage of 808 Memorial Drive from November 14, 2004, without the opportunity to examine other surveillance video from November 14, 2004 and the preceding day, distorts the complete picture of events and creates the danger of misleading the jury. *See Millan*, 230 F.3d at 434; *see Yevakpor*, 2006 WL 593253 at 4. Consequently, the Court should exclude the surveillance video segments under Rule 106.

Additionally, given their incompleteness and out-of-context presentation, the Court should also exclude the surveillance video segments under Rule 403.

3

      **B.**    **Assuming the Court does not Exclude the Video in its Entirety, it Should Exclude Lay Opinion Testimony Concerning the Contents of the Bag Depicted in Surveillance Video from 808 Memorial Drive Under Federal Rules of Evidence 701 and 403.**

Lay opinion testimony as to the contents of the bag depicted in the surveillance video purporting to show an unknown individual exiting 808 Memorial Drive on November 14, 2004 is superfluous and inadmissible under Rule 701.  Under Rule 701, lay witness opinion testimony is only admissible if it is rationally based on a witness' perception, helpful to the understanding of her testimony or of a fact at issue, and not based on specialized knowledge.  *Lynch v. City of Boston*, 180 F.3d 1, 16-17 (1st Cir. 1999).  "Lay opinions are not helpful when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." *Id.* at 17.  Therefore, an opinion that "will do little more than tell the jury what result to reach . . . will be inadmissible." *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 624 (1st Cir. 1988), citing 11 J. Moore & H. Bendix, MOORE'S FEDERAL PRACTICE § 704.02 (1985).  The theory behind Rule 701 is that "wherever inference and conclusions can be drawn by the jury as well as by the witness, the witness is superfluous." *U. S. v. Jackson*, 688 F.2d 1121, 1124 (7th Cir.1982), citing 7 WIGMORE ON EVIDENCE (1978) § 1917.8 at 10.

In this case, defendant believes that the government seeks to elicit lay witness opinion testimony that the plastic bag depicted in surveillance video from 808 Memorial Drive on November 14, 2004 is consistent with a bag containing Molotov cocktails.  However, none of the witnesses personally observed the footage depicted in the video, and therefore, the government would merely be showing the witnesses a video and asking them to draw an inference therefrom in the jury's presence.  Such testimony is inadmissible under Rule 701 both because the witnesses would not be relying on their

4

personal observations or knowledge and because such testimony would not be helpful to the jury. *Compare United States v. Humprey,* 279 F.3d 372, 377 (6th Cir. 2002) (admitting lay opinion testimony as to number of coin bags depicted in surveillance video of bank's vault where witnesses were bank employees relying on their personal knowledge of the vault's contents). Consequently, testimony by a lay witness as to the contents of the bag depicted in surveillance video of 808 Memorial Drive on November 14, 2004 should be excluded under Rule 701.

In addition, given the low-probative value of a lay opinion opining as to the contents of a bag depicted in a surveillance video and the unfair prejudice that the bag could have contained Molotov cocktails, the Court should also exclude such testimony pursuant to Rule 403.

### III.  CONCLUSION

For the foregoing reasons, all of the above categories of evidence (both by way of exhibits and testimony) should be excluded.

Respectfully submitted,

ROBERT WYATT
By his attorneys,


/s/ Douglas S. Brooks
Paul V. Kelly (BBO No. 267010)
Douglas S. Brooks (BBO No. 636697)
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, MA  02110
(617) 338-9300

Dated:  March 19, 2006

5

## CERTIFICATE OF SERVICE

    I, Douglas S. Brooks, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 19th day of March, 2006.

                                                          /s/ Douglas S. Brooks
                                                          Douglas S. Brooks