UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No.: No. 04-CR-10391-NMG |
| | ) |
| vs. | ) |
| | ) |
| ROBERT WYATT | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |
| _____ | ) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

  Defendant Robert Wyatt hereby requests, pursuant to Fed. R. Crim. P. 30, that the Court instruct the Jury on the applicable law, in accordance with the attached instructions. Defendant reserves his right to supplement, amend and/or withdraw any of the requested instructions in light of the requests, if any, filed by the government, the evidence adduced at trial and any arguments made by the government in closing arguments.

        Respectfully submitted,

        Robert Wyatt,

        By his Attorneys,


        /s/ Douglas S. Brooks
        Paul V. Kelly (BBO No. 267010)
        Douglas S. Brooks (BBO No. 636697)
        KELLY, LIBBY & HOOPES, P.C.
        175 Federal Street
        Boston, MA 02110
        (617) 338-9300

Dated: March 20, 2006

**<u>CERTIFICATE OF SERVICE</u>**

I, Douglas S. Brooks, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 20th day of March, 2006.

 /s/ Douglas S. Brooks
Douglas S. Brooks

# INSTRUCTION NO. 1

## INDICTMENT IS NOT EVIDENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  Mr. Wyatt has been charged by the government with violating federal law.  The charges against Mr. Wyatt are contained in the indictment.

An indictment itself is not evident.  It merely describes the charges made against Mr. Wyatt.  It is nothing more than an accusation.  It may not be considered by you as evidence of the guilt of Mr. Wyatt.   Even though the indictment was returned against Mr. Wyatt, he began this trial with absolutely no evidence against him.

Mr. Wyatt has pleaded "not guilty" to the charges in the indictment and denies committing the offenses alleged by the government.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

In reaching your determination of whether the government has proven Mr. Wyatt guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

Sources:
Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 1.02 (12/99); Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 3-1 (2004); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §13.04 (5th Ed. 2000).

## INSTRUCTION NO. 2

## MULTIPLE COUNTS – ONE DEFENDANT

The indictment contains a total of two (2) counts.  Each count charges a different offense.  You must consider each count, and the elements of each count that the government must prove, as well as the evidence pertaining to each count, separately.  However, as I will explain further in a few minutes, should you return a verdict of not guilty on the first count, you must also return a verdict of not guilty on the second count.  The reverse is not true.  In other words, should you find the defendant guilty on count one, you must consider the evidence pertaining to count two, separately.  Should you reach unanimity on any count, you must return a separate verdict for that count.

## INSTRUCTION NO. 3

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

As you know, although Mr. Wyatt has been indicted, you must remember that an indictment is only an accusation and is not evidence of guilt.

The burden is on the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Wyatt because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The law presumes Mr. Wyatt to be innocent of all of the charges against him. I therefore instruct you that Mr. Wyatt is to be presumed by you to be innocent throughout your deliberations until such time, if ever, that you, as the jury, are satisfied that the government has proven him guilty beyond a reasonable doubt.

In other words, Mr. Wyatt began the trial here with a clean slate. This presumption of innocence was with Mr. Wyatt when the trial began and remains with him even now as I speak to you and will continue with Mr. Wyatt into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt. This presumption of innocence alone is sufficient to acquit Mr. Wyatt unless you as jurors are unanimously convinced, beyond a reasonable doubt, of his guilt after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find Mr. Wyatt not guilty.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Robert Wyatt, has the benefit of that presumption throughout the trial, and you are not to convict him of a

---

Sources:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 4-1 (2003); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (5th Ed. 2000).

particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

Mr. Wyatt has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

## INSTRUCTION NO. 4

## REASONABLE DOUBT

I have said that the government must prove the defendant guilty "beyond a reasonable doubt."  The question naturally is, what is reasonable doubt?  The words almost define themselves.  It is doubt based upon reason and common sense.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proved with such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or a whim; it is not a speculation or a suspicion.  It is not an excuse to avoid the performance of an unpleasant duty, and it is not sympathy.

In a criminal case, the burden is, at all times, upon the government to prove each and every element of the crimes charged in the indictment beyond a reasonable doubt.  Mr. Wyatt has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit Mr. Wyatt.

---

Sources:
Sand, Siffert, Loughlin & Reiss: Modern Federal Jury Instructions: Criminal, Instruction No. 4-2 (2001);
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.10 (5th Ed. 2000).

**INSTRUCTION NO. 5**

**TESTIMONY, EXHIBITS AND STIPULATIONS IN GENERAL**

The evidence in this case consists of the sworn testimony of the witnesses, both on direct and cross-examination, the exhibits received into evidence and any facts to which the parties have agreed or stipulated. Exhibits that have been marked for identification but not received in evidence may not be considered by you as evidence. Only those exhibits that are actually received into evidence may be considered by you as evidence.

Similarly, you are to disregard any testimony that I have ordered to be stricken. Also, as I indicated before, only the witness's answers are evidence, and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven, such reasonable inferences as you believe are justified in light of common sense and personal experience. Anything you may have seen or heard outside of the courtroom, however, is not evidence and must be disregarded entirely.

---

Sources:
Sand, Siffert, Loughlin & Reiss: Modern Federal Jury Instructions: Criminal, Instruction No. 5-2 (2001); Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 3.04 (2/2/28).

# INSTRUCTION NO. 6

## QUESTIONS AND STATEMENTS OF COUNSEL

Let me emphasize that a lawyer's questions, statements, arguments and comments are not evidence.  At times, a lawyer, on direct or cross-examination, may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of the statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

Also, objections made by lawyers are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or what the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

---

Sources:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 5-3 (2001);
<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 1.05 (2/2/98).

9

**INSTRUCTION NO. 7**

**STATEMENTS BY OF DEFENDANT**

You have heard evidence that Mr. Wyatt made certain statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether Mr. Wyatt actually made the statement and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made.

---

Source:
 Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.10 (1999).

## INSTRUCTION NO. 8

## IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY

## (CONDITIONAL)

The defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

---

Source:
 Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 5-21 (2005).

## INSTRUCTION NO. 9

## WITNESS CREDIBILITY

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  You may believe everything a witness says, only part of it, or none of it.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment.  You will now have to make judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision of whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  What was the quality of the witness's memory?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?  How reasonable was the witness's testimony when considered in light of the other evidence that you believe?

How much you choose to believe a witness may be influenced by the witness's bias.  You should ask yourselves whether the witness has an interest in the outcome of the case or any motive, bias or prejudice.  Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stands up in light of all of the other evidence.

What you must try to do in deciding credibility is to size the person up in light of his or her demeanor, in light of the explanations given, and in light of all of the other evidence in the case, just as you would in any important matter where you were trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment and your experience.

---

Sources:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 7-1 (2001);
<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 1.06 (2/2/98);
O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 15.01 (5th Ed. 2000).

## INSTRUCTION NO. 10

## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 7-2 (2001).

## INSTRUCTION NO. 11

## INTEREST IN OUTCOME

As I mentioned earlier, in evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his testimony.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 7-3 (2001).

# INSTRUCTION NO. 12

## IMPEACHMENT OF DEFENDANT – PRIOR CONVICTION

## (CONDITIONAL)

As I instructed you earlier, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case Mr. Wyatt did testify and he was subject to cross-examination, like any other witness. You learned during his testimony that he was previously convicted of a crime. The fact that Mr. Wyatt was previously convicted of another crime does not mean that he committed the crime for which he is now on trial. This prior conviction was received into evidence for the sole purpose of helping you to decide how much of his testimony to believe. I want to caution you that you may not consider Mr. Wyatt's prior conviction in any way, except for the limited purpose of helping you decide how much of his testimony to believe and what weight, if any, to give it. You are specifically instructed that you may not consider Mr. Wyatt's prior conviction as any evidence of his guilt in this case.

---

Sources:
Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.04 (1999);
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 7-13 (2001).

## INSTRUCTION NO. 13

## LAW ENFORCEMENT WITNESS

You have heard the testimony of certain law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it to deserve.

---

Source:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 7-16 (2001).

**INSTRUCTION NO. 14**

**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge, skill, experience and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in the case.  In weighing the expert's testimony, you may consider the witness's qualifications, opinions, the identity of the party calling the witness, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

---

Source:
Sand, Siffert, Loughlin & Reiss:  Modern Federal Jury Instructions: Criminal, Instruction No. 7-21 (2001).

**INSTRUCTION NO. 15**

**OVERVIEW OF THE INDICTMENT**

The indictment in this case contains two counts, or charges. Count One charges the defendant with arson. Count Two charges the defendant with carrying a destructive device during and in relation to the arson and possessing a destructive device during, in relation to and in furtherance of the arson.

## INSTRUCTION NO. 16

## ELEMENTS OF THE OFFENSE OF ARSON

In order to establish that Mr. Wyatt violated section 844(i), the government mush prove beyond a reasonable doubt the following essential elements:

First, that Mr. Wyatt set fire or used an explosive to damage or destroy, or in an attempt to damage or destroy, property.

Second, that the property was used in or affecting interstate or foreign commerce.

Third, that Mr. Wyatt acted maliciously.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 30-2 (2001).

## INSTRUCTION NO. 17

## FIRST ELEMENT – EXPLOSIVE DESTRUCTION OF PROPERTY

The first element of the offense which the government must prove beyond a reasonable doubt is that Mr. Wyatt, by means of fire or explosive, damaged or destroyed, or attempted to damage or destroy property.

As you go about deciding this case, you need to review all of the evidence, and I suggest to you this step-by-step analysis:  First, decide whether the government has proven how the fire has started.  If you cannot decide how the fire started, that is the end of the case.  Unless you can decide how the fire was started, you can't go to the next step to say that the defendant started it.  So the first question you should really address is:  How did this fire start?  If you decide how the fire was started, then consider next whether the government has proven that it was of incendiary origin.

You may draw reasonable inferences from all of the evidence that has been presented, but you may not guess about what has happened, and the government has to prove beyond a reasonable doubt that the fire was set and that the defendant set it.

Source:
*United States v. Correia*, No. 00-10246-RWZ, Jury Instructions (9/1/04).

**INSTRUCTION NO. 18**

**SECOND ELEMENT – PROPERTY USED IN OR AFFECTING INTERSTATE**

**COMMERCE**

The second element of the offense which the government must prove beyond a reasonable doubt is that the property which was damaged or destroyed was property used in or affecting interstate commerce.

"Interstate commerce" means commerce or business between any place on one state and another place outside that state. It also means commerce between places within the same state, but passing through any place outside of that state.

Business-related property, as opposed to residential property, is considered as being used in or affecting interstate commerce of it was actively used for some commercial purpose at the time it was damaged or destroyed. For example, if the property was used for the sale of merchandise, including food or drink, which has moved in interstate commerce, it is used in interstate commerce.

Property used for residential purposes may also be considered as being used in or affecting interstate commerce in some circumstances. Under the statute, rental residential property is included as property affecting interstate commerce. However, a privately-owned owner-occupied residence not used for any commercial purpose does not satisfy this element.

If you find therefore, that the government has proven beyond a reasonable doubt that the property in question comes within the definition of "property used in or affecting

interstate commerce" as I have just described it to you, the second element of the offense

is satisfied.

Source:
 Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 30-4 (2001).

**INSTRUCTION NO.  19**

**THIRD ELEMENT – MALICIOUS INTENT**

The third element which the government must prove beyond a reasonable doubt is that Mr. Wyatt acted with malicious intent.  To act with malicious intent means to act either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly.  In order to find Mr. Wyatt guilty you must find that he set the fire or used the explosive with the intent to cause damage, or that he did so recklessly and without regard to the likelihood that damage would result.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 30-5 (2001).

# INSTRUCTION NO. 20

## USE OR POSSESSION OF FIREARM TO COMMIT A CRIME OF VIOLENCE

### (18 U.S.C. 924(c))

My Wyatt is charged with carrying a firearm during and in relation to the commission of an arson and possessing a firearm, during, in relation to, and in furtherance of the commission of an arson.

## INSTRUCTION NO. 21

## LIMITING INSTRUCTION

Under Count 2, Mr. Wyatt is charged with carrying a firearm during the commission of an arson which is charged in count 1.

If upon all of the evidence, you find that the government has failed to prove count 1 beyond a reasonable doubt, then you will proceed no further. Count 2 is to be considered only if you first find Mr. Wyatt guilty under count 1 as charged.

In reaching your verdict on count 2, you may consider the evidence of count 1 only for the purpose of determining whether the elements of count 2 have been satisfied.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 35-77 (2002).

26

**INSTRUCTION NO. 22**

**ELEMENTS OF THE OFFENSE**

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving Mr. Wyatt guilty:

First, that Mr. Wyatt committed a crime of violence, in this case arson, for which he might be prosecuted in a court of the United States.

Second, that Mr. Wyatt knowingly carried a firearm during and in relation to the crime charged in count 1, or possessed a firearm, during, in relation to and in furtherance of the crime charged in count 1.

Third, that the firearm was a destructive device.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 35-78 (2002).

## INSTRUCTION NO. 23

## FIRST ELEMENT – COMMISSION OF THE PREDICATE CRIME

The first element the government must prove beyond a reasonable doubt is that Mr. Wyatt committed a crime of violence for which he might be prosecuted in a court of the United States.

Mr. Wyatt is charged in Count 1 of the indictment with committing the crime of arson. I instruct you that the crime of arson is a crime of violence. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime of arson as charged.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 35-79 (2002).

**INSTRUCTION NO. 24**

**SECOND ELEMENT – KNOWINGLY CARRYING A FIREARM DURING AND**

**IN RELATION TO THE COMMISSION OF THE PREDICATE CRIME**

The second element the government must prove beyond a reasonable doubt is that Mr. Wyatt knowingly carried a firearm during and in relation to the commission of the crime charged in count 1, or knowingly possessed a firearm during, in relation to, and in furtherance of the commission of the crime charged in count 1.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

In order to prove that Mr. Wyatt carried the firearm, the government must prove beyond a reasonable doubt that Mr. Wyatt had the weapon within his control in such a way that it furthered the commission of the arson or was an integral part of the commission of the crime. [The government must also prove beyond a reasonable doubt that this occurred during the commission of the crime].

To prove that Mr. Wyatt possessed the firearm in furtherance of the crime, the government must prove that Mr. Wyatt had possession of the firearm and that such possession was in furtherance of that crime. Possession means that Mr. Wyatt either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the arson means that the firearm helped forward, advance or promote the commission of the arson. The mere possession of the firearm at the scene of the arson is not sufficient under this definition.

The firearm must have played some party in furthering the crime in order for this element to be satisfied.

To satisfy this element, you must also find that Mr. Wyatt carried or possessed the firearm knowingly.  This means that he carried the firearm purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the weapon was a firearm, as we commonly use the word.

---

Source:
Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction No. 35-80 (2002).

## INSTRUCTION NO. 25

### THIRD ELEMENT – DESTRUCTIVE DEVICE

The third element the government must prove to you beyond a reasonable doubt is that the firearm, the so-called Molotov cocktail, is a destructive device.  The term "destructive device" means any explosive, incendiary, or poison gas – bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an explosive or incendiary charge of more than one-quarter ounce, mine, or device similar to any of the devices that I just described.